## SUCCESSION OF CHARLES POLLET.

An applicant for the curatorship of a succession, is not bound to state in his petition to the Court of Probates, the grounds on which he claims the appointment, as the first applicant is entitled to the curatorship, unless legally opposed. In case of opposition, he may show, in a supplemental petition, the grounds of his claim.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J.

*Biron*, for the appellant. No counsel appeared for the appellee.

MARTIN, J. Joseph Perillat applied for the curatorship of the estate of Pollet, stating that he was a creditor, and that the value of the estate did not exceed five hundred dollars; and he founded his application on the act entitled 'an act supplementary to the art. 1178 of the Civil Code.' He was appointed accordingly; but discovering that he had been under an error as to the value of the estate, he made a second application, in which he did not claim the curatorship as a creditor. Publications having been ordered, Camille Rizzo filed an opposition to his appointment, on the ground that he, Rizzo, was a creditor, and ought to be preferred to Perillat, who was not. On this, Perillat filed a supplemental petition, averring himself to be a creditor, and his opposition to Rizzo's appointment, averring that the latter was not a creditor. Perillat was appointed, and Rizzo appealed.

Rizzo's counsel has contended, that the appellee, not having claimed the curatorship in his first petition as a creditor, could not alter his claim, and urge it in that capacity in the second petition. The law does not require the applicant for a curatorship to state the grounds, on which he claims it; for the first applicant is entitled to it, unless a legal opposition be made. On the opposition of the appellant, the appellee had an undoubted right to show, that the former had no better right than himself, to wit, that both were creditors. The testimony shows, that the applicant and opponent are both creditors of the deceased, and of the estate, for very trifling sums.

The judge, in our opinion, correctly granted it to the former.

*Judgment affirmed.*